UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 4:11-cr-0013-SEB-MGN |
| | ) | |
| BECKY METCALF, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on December 8, 2011, designating the Magistrate Judge on criminal duty to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on December 6, 2011, the Supplemental Petition for Summons or Warrant for Offender Under Supervision filed with the Court on March 3, 2012, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). Proceedings were held February 7, 2012 and June 12, 2012 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On February 7, 2012, Ms. Metcalf appeared in person with her appointed counsel, Patrick Renn, before Magistrate Judge Michael Naville. The government appeared by Nicholas Surmacz, Assistant United States Attorney, for Zachary Myers, Assistant United States Attorney. U. S.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

Parole and Probation appeared by Ross Carothers, U. S. Parole and Probation officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Patrick Renn was present and appointed by the Court to represent Ms. Metcalf in regard to the pending original Petition for Revocation of Supervised Release.

2. A copy of the original Petition for Revocation of Supervised Release was provided to Ms. Metcalf and her counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Ms. Metcalf was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4. Ms. Metcalf was advised she would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Ms. Metcalf was advised she had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Ms. Metcalf had violated an alleged condition or conditions of her supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation.

7. Mr. Renn stated that Ms. Metcalf would stipulate there is a basis in fact to hold her on the specification of violation of supervised release set forth in the Petition

8. Mr. Renn stated that Ms. Metcalf desired to waive the preliminary examination. Ms. Metcalf executed a written waiver of the preliminary hearing.

9. Ms. Metcalf was released pursuant to terms and conditions set out in the Order Setting Conditions of Release, pending further proceedings.

On March 2, 2012, a Supplemental Petition for Warrant or Summons for Offender Under Supervision was filed.

On June 12, 2012, Magistrate Judge Kennard P. Foster reviewed prior proceedings held February 7, 2012 by Magistrate Judge Michael Naville, including the defendant's right to a preliminary hearing, which was waived by the defendant at that time. Ms. Metcalf appeared in person and by Michael Donahoe, Office of the Indiana Federal Community Defender. The government appeared by Zachary Myers, Assistant United States Attorney; and Diane Asher, U. S. Parole and Probation officer, who appeared and participated in the proceedings. The following proceedings occurred:

1. That Michael Donahoe, Office of Indiana Federal Community Defender, was appointed to represent Ms. Metcalf in regard to the pending Supplemental Petition for Revocation of Supervised Release, filed March 2, 2012.

2. A copy of the Supplemental Petition for Revocation of Supervised Release was provided to Ms. Metcalf and her counsel who informed the Court that they had read and understood the specification of violations and waived further reading thereof.

3. Ms. Metcalf was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petitions.

4. Ms. Metcalf was informed she would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Ms. Metcalf was informed she had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6. Ms. Metcalf was informed that if the preliminary hearing resulted in a finding of probable cause that Ms. Metcalf had violated an alleged condition or conditions of her supervised release set forth int the Petitions, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation.

7. Mr. Donahoe stated that Ms. Metcalf desired to waive the preliminary examination and proceed to the revocation phase of the proceedings. Ms. Metcalf then orally waived the preliminary hearing and was held to answer.

8. Mr. Donahoe stated that Ms. Metcalf would stipulate there is a basis in fact to hold her on the specification of violation of supervised release numbered 1 set forth in the Petition, and as to specification 2 in the Supplemental Petition. The government moved to strike violation numbered 3 of the Supplemental Petition. The Court **GRANTED** the same. The violations admitted to are as follows:

**Petition for Warrant of Summons for Offender Under Supervision, filed December 6, 2011:**

| Violation Number | Nature of Noncompliance |
| --- | --- |
| **1** | **"The defendant shall not commit another federal, state, or local crime."** |
| | From September 11, 2011 to October 2011, the offender was employed at Goodwill Industries in Corydon, Indiana. On November |

28, 2011, this officer met with Goodwill Industries security representatives who provided surveillance video of the offender stealing money from a cash register on October 5, 14, and 15, 2011. On November 29, 2011, this officer interviewed the offender and she admitted to the theft of $3 cash on three occasions. The offender was charged with three counts of felony theft in Harrison County, Indiana, but a case number has not been assigned. It is noted the offender denied any further instances of theft despite audits of her cash register reflecting total shortages of $126.42 on nine additional dates.

**Supplemental Petition for Warrant or Summons for Offender Under Supervision, dated March 2, 2012:**

    **2**    **"The defendant shall not commit another federal, state, or local crime."**

On February 7, 2012, the offender appeared before the Honorable Michael G. Naville for an initial Petition for Warrant or Summons for Offender Under Supervision, filed December 6, 2011. She as released pursuant to release conditions.

On February 25, 2012, the offender was arrested for theft of merchandise valued at approximately $146.00 from Walmart by the Harrison County, Indiana, Police Department. She was charged with one count of theft (felony) in Harrison County Superior Court, under docket number 31D01-1202-FD-143.

The Court placed Ms. Metcalf under oath and directly inquired of Ms. Metcalf whether she admitted violations of the specifications of her supervised release set forth above. Ms. Metcalf stated that she admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1) Ms. Metcalf has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Ms. Metcalf constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Ms. Metcalf is 4-10 months.

> 4) The government and defendant would present evidence on what the appropriate disposition in the case should be.

9. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Becky L. Metcalf, violated the specified condition of supervised release as delineated above in the Petition to Revoke her supervised release and the specified condition of supervised release as delineated above in the Supplemental Petition .

The defendant's supervised release is therefore **REVOKED** and she is sentenced to the custody of the Attorney General or his designee for a period of four months. It is recommended that defendant continue treatment for depression, including medications while she is in custody. After service of her sentence, Ms. Metcalf will be subject to 32 months of supervised release under the same conditions imposed at sentencing.

The Magistrate Judge requests that Diane Asher, U. S. Parole and Probation officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a supervised released revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Ms. Metcalf stipulated in open court waiver of the following:

> 1. Notice of the filing of the Magistrate Judge's Report and Recommendation;
>
> 2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil*

*Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Ms. Metcalf entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Becky Metcalf's supervised release.

IT IS SO RECOMMENDED this __25th__ day of June, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Zachary Myers,
Assistant U. S. Attorney
Zachary.Myers@usdoj.gov

Michael Donahoe,
Office of Indiana Federal Community Defender
Michael.J.Donahoe@fd.org

U. S. Parole and Probation

U. S. Marshal